# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ISRAEL DENOVA LOPEZ, | § | |
|     Movant | § | |
| | § | |
| V. | § | A-10-CA–531-LY |
| | § | (A-08-CR-161(1)-LY) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are: Israel Denova Lopez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Clerk's Doc. No. 152); Movant's Brief in Support of his § 2255 Petition (Clerk's Doc. No. 153); and the Government's Response (Clerk's Doc. No. 158). After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Magistrate Court now issues the following Report and Recommendation to the District Court.

## I. PROCEDURAL HISTORY

On June 17, 2008, Movant Israel Denova Lopez ("Lopez") was charged in three out of four counts in a First Superseding Indictment with: (1) conspiracy and possession with intent to distribute more than 5 kilograms of cocaine base, a Schedule II Controlled Substance, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B) and 846; (2) possession with intent to distribute more than 500 grams, but less than 5 kilograms of cocaine base, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (3) possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). On August 8, 2008, Lopez entered a plea of guilty, without a plea agreement, to the above-three counts of the First Superseding Indictment. On November 24, 2008, the District Court sentenced Lopez to 240 months imprisonment, followed by a five-year term of supervised release, and ordered Lopez to pay a $300 mandatory assessment fee and to forfeit the firearm used in the offense.

Lopez filed a direct appeal of his conviction and sentence, arguing that the evidence did not support the District Court's finding that he should receive a four-level enhancement as a leader or organizer of the criminal activity under the Sentencing Guidelines, and that his sentence was greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a). The Fifth Circuit rejected Lopez's claims and affirmed the District Court's judgment. *See United States v. Israel Lopez Denova*, No. 08-51255 (5th Cir. Sept. 22, 2009). The United States Supreme Court denied Lopez's petition for *writ of certiorari* on a January 25, 2010. See Clerk's Docket No. 150. Lopez has now filed the instant Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 Motion.

## II. ISSUES

In the instant Motion under 28 U.S.C. § 2255, Lopez argues: (1) his sentence was greater than necessary to effectuate the goals of 18 U.S.C. § 3553(a); (2) the District Court erred in finding that he was a leader or organizer of criminal activity under the Sentencing Guidelines; (3) his conviction was a result of an illegal search and seizure; and (4) he was denied the effective assistance of counsel.

## III. STANDARD OF REVIEW

Under Section 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *cert. denied*, 502 U.S. 1076, (1992). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

To show "cause" for failing to raise an issue on appeal, a defendant must show that "some objective factor external to the defense" prevented him from raising on direct appeal the claim he now advances. *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and *ineffective assistance of counsel* in the constitutional sense. *Id.*

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland*

*v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

## IV. DISCUSSION

### A. Procedurally-Barred Claims

In Grounds Two and Four, Lopez argues that his sentence was greater than necessary to effectuate the goals of 18 U.S.C. § 3553(a), and that the District Court erred in finding that he was a leader or organizer of criminal activity under the Sentencing Guidelines. Lopez raised these claims in his direct appeal, and they were rejected by the Fifth Circuit. *See United States v. Israel Lopez Denova*, No. 08-51255 (5th Cir. Sept. 22, 2009) (affirming District Court's Sentence). Accordingly,

these claims are procedurally barred from collateral review. See *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions"), *cert. denied*, 476 U.S. 1118 (1986).

In Ground Three, Lopez argues that the search of his automobile—which led to the seizure of 4.96 kilograms of cocaine and a firearm—was illegal and violated his Fourth Amendment rights. Claims under the Fourth Amendment are barred on collateral review if the movant has had a full and fair opportunity to litigate the claim in pre-trial proceedings and on direct appeal. *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003) (citing *Stone v. Powell*, 428 U.S. 465 (1976)), *cert. denied*, 540 U.S. 1204 (2004). *See also, United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008) (noting that district court correctly concluded that petitioner could not raise Fourth Amendment claim on collateral review). Petitioner could have raised his Fourth Amendment claims in pre-trial proceedings before the District Court and on direct appeal but did not; consequently, he is foreclosed from raising his Fourth Amendment claim on collateral review. Even if his claim was not procedurally barred, it would nevertheless fail since Lopez entered an unconditional guilty plea in this case. *See United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002) (an unconditional guilty plea waives objections to searches and seizures that violate the Fourth Amendment).

Lopez also complains that the search and seizure took place "without the benefit of his VCCR Vienna Convention of Consular Relation's rights." To the extent that this allegation can be construed as a claim that his rights under the Vienna Convention were violated, such a claim would also be procedurally barred from consideration in the instant § 2255 Motion. *See Sanchez-Llamas*, 548 U.S. 331, 359 (2006) (holding that "claims under Article 36 of the Vienna Convention may be subjected

to the same procedural default rules that apply generally to other federal-law claims"); *see also Cardenas v. Dretke*, 405 F.3d 244, 253 (5th Cir. 2005) (Vienna Convention claims, like Constitutional claims, are subject to the habeas procedural default rules), *cert. denied*, 548 U.S. 925 (2006). Lopez did not raise his Vienna Convention claim during the proceedings before the District Court or on appeal. Accordingly, this claim is also procedurally barred.

**B.     Ineffective Assistance of Counsel**

Lopez's only remaining cognizable claim is his Sixth Amendment claim that he was denied the effective assistance of counsel. Lopez argues that all of the attorneys that represented him in his criminal proceedings "from the initial point of arrest to the Writ of Certiorari to the United States Supreme Court" denied him adequate legal counsel. Lopez argues that his lawyers failed to consult with him and advise him of his rights throughout his court proceedings and asserts that he was not given "the full opportunity of a Trial," and that he would not have been found guilty "beyond reasonable doubt." Brief at p. 2.

Other than the above-conclusory allegations, Lopez only alleges one specific complaint regarding his representation in the case, namely that his counsel failed to advise him of his rights under the Vienna Convention[1] and failed to provide him with an advocate from the Mexican Consulate. While the Supreme Court has not yet decided whether the Vienna Convention creates rights enforceable by individuals, *Medellín v. Texas*, 552 U.S. 491, 506 n. 4 (2008) (declining to

---

[1] The Vienna Convention is a 79-article treaty that was ratified by the United States in 1969. Article 36 of the treaty provides that a consular officer of a signatory state shall have the right to visit one of its citizens who has been detained in another signatory state in order "to converse and correspond with him and to arrange for his legal representation," and also requires the detaining state to inform the person concerned about his rights "without delay." *See Cardenas*, , 405 F.3d at 251.

decide whether the Vienna Convention creates individually enforceable rights), the Fifth Circuit has concluded that the Vienna Convention does not confer individually-enforceable rights. *Cardenas*, 405 F.3d at 253 (citing *United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir.), *cert. denied*, 533 U.S. 962 (2001)). Given, that there is no enforceable right in this Circuit, it is unclear what difference any action by counsel would have made with regard to advice regarding the Vienna Convention.

Even assuming that there is an individually enforceable right under the Vienna Convention, Lopez has wholly failed to show that he suffered any prejudice as a result of his counsel's alleged failure to advise him regarding his rights under the Convention. Despite Lopez's claims to the contrary, he was fully informed of his rights under the Vienna Convention during his Initial Appearance before the Magistrate Court on April 21, 2008. *See* Transcript of Initial Appearance before the Honorable Robert Pitman, April 21, 2008. Specifically, the Magistrate Judge informed Lopez that as a resident alien, he had "the right to have a consulate of [his] native country notified of the arrest in case they want to help you." Tr. at p.10. Lopez informed the Magistrate Judge that he understood this right. Tr. at p. 11. Accordingly, Lopez was fully aware of his rights under the Vienna Convention and cannot show any prejudice by his attorney's alleged failure to discuss his rights under the Vienna Convention with him. *See Rosales v. Bureau of Immigration and Customs*, 426 F.3d 733,737-38 (5th Cir. 2005) (regardless of whether petitioner's right under the Vienna Convention are protected under the United States Constitution, petitioner was not entitled to any relief because he had not shown that assistance from his consulate would have changed the result of his deportation proceedings), *cert. denied*, 546 U.S. 1106 (2006); *United States v. Jackson*, 2011 WL 845899 at *4-5 (S.D. Tex. March 8, 2011) (finding that defendant failed to show prejudice from his counsel's failure to advise him of his rights under the Vienna Convention since couldn't show results

of the case would have been any different); *Mugweni v. United States*, 2011 WL 487785 at * 6 (N.D. Tex. Feb. 10, 2011) (denying effective assistance of counsel claim based on counsel's failure to advise about rights under Vienna Convention where defendant could not establish prejudice, namely that results of the proceeding would have been any different).

As noted above, Lopez generally alleges that he was denied the effective assistance of counsel throughout the entire case. Lopez implies that he would not have pled guilty in this case if he had been properly advised by his attorneys. When a defendant pleads guilty, trial counsel has the duty of ensuring that the defendant's plea is knowingly and voluntarily made. *United States v. Del Fierro,* 2007 WL 2746949 at * 3 (S.D. Tex. Sept. 19, 2007) (citing *United States v. Diaz*, 733 F.2d 371, 375 (5th Cir. 1984)). To establish ineffective assistance of counsel in the context of a guilty plea, the defendant must establish "a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." *Bond v. Dretke*, 384 F.3d 166, 167-8 (5th Cir. 2004). To show prejudice, the defendant must affirmatively prove, and not merely allege, that he was prejudiced. *United States v. Fetter*, 2010 WL 2710533 at * 2 (M.D. La. May 17, 2010) (citing *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir. 1986)). Thus, "even where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary." *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). Thus, a finding that a guilty plea is voluntary defeats a claim of ineffective assistance at the plea stage. *Id.*

The Court finds that Lopez's guilty plea in this case was knowingly, voluntarily and intelligently made. To be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence." *United States v. Hernandez*, 234 F.3d 252, 254-55 (5th Cir. 2000) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). "The defendant need only

understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." *Id.* at 255; *see also, United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) ("The Constitution does not require a great deal of knowledge on the part of the defendant . . .[t]he consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged"). Thus, as long as Lopez understood the length of time he might possibly receive, he was fully aware of his plea's consequences. *See Id.*

The record in this case shows that Lopez had a full understanding of the guilty plea and of its consequences. During his rearraignment, Lopez informed the Magistrate Jourt that he had enough time to talk to his lawyer about the case, that he discussed the charges against him and any possible defenses he might have had. Rearraignment Tr. at p. 4. Lopez also informed the Magistrate Judge that he was satisfied with the legal representation that he had received in the case. Rearraign. Tr. at 5. After the Magistrate Judge explained all of the charges against him and the possible punishment, including that he was facing a mandatory minimum sentence of 15 years and the possibility of life imprisonment, Lopez stated that he understood all of the charges against him and the possible punishment. Rearraign. Tr. at 7-9. Lopez informed the Magistrate Judge that he was pleading guilty freely and voluntarily, and because he was guilty and for no other reason. Rearraign. at 13. He also informed the Magistrate Judge that no one had made any promises to him that caused him to plead guilty or promised him what his sentence would be in the case. Rearraign. at 14. After being informed of the rights he was giving up by pleading guilty—including the right to a jury trial—Lopez pled guilty to Counts One, Two and Three of the Superseding Indictment. Rearraign. at 13.

At Lopez's Sentencing Hearing, he reaffirmed the statements he made before the Magistrate Judge. Sentencing Tr. at 3. Lopez further informed the District Judge that he had sufficient time to review with his attorney the presentence investigation report and understood the minimum and maximum sentence he would receive in the case based upon his total offense level and criminal history category. Sent. Tr. at 3. Lopez has failed to come forward with any evidence to overcome the representations he made to the Magistrate Judge or District Judge. "'[T]he representations of the defendant, his lawyer, and the prosecutor at [the original plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.'" *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), *cert. denied*, 532 U.S. 1067 (2001). The record shows that Lopez understood the consequences of his plea and entered his plea knowingly and voluntarily. Lopez has failed to show that there was a reasonable probability that, but for his attorney's errors, he would not have pled guilty in this case. *See Diaz*, 733 F.2d at 376.

Lopez also challenges the effectiveness of his appellate counsel. Persons convicted of a crime are entitled to the constitutionally effective assistance of counsel in their first appeal as a matter of right. *See Evitts v. Lucey*, 469 U.S. 387 (1985). Appellate counsel's performance is judged under the same test that governs a review of trial counsel's performance. *Smith v. Robbins*, 528 U.S. 259, 285, (2000). Although Lopez makes conclusory allegations that his appellate counsel was deficient, he fails to specify what issues should have been raised on appeal or show that they would have been more successful than the grounds that were presented. A defendant has no constitutional right to compel counsel to press even non-frivolous points requested by the client if counsel, as a matter of

professional judgment, decides not to present those points. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Based upon the foregoing, Lopez has failed to demonstrate that he was denied the effective assistance of counsel. Accordingly, Lopez has failed to present a viable cause of action in the instant § 2255 Petition.

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Israel Denova Lopez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Clerk's Doc. No. 152).

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's

underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## VI. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of May, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE